

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2008

# USA v. Adames

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Adames" (2008). *2008 Decisions.* Paper 64.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/64

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2519

UNITED STATES OF AMERICA

v.

WILFREDO ADAMES,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 05-cr-00593-2
District Judge: The Honorable Legrome D. Davis

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2008

Before: MCKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: December 22, 2008)

OPINION

SMITH, *Circuit Judge.*

Appellant Wilfredo Adames appeals his conviction and sentence for certain federal

drug crimes by challenging the District Court's denial of his motion to suppress physical

evidence—over $550,000 in cash and one kilogram of cocaine—discovered during a post-arrest inventory search of his vehicle. The United States District Court for the Eastern District of Pennsylvania had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm the District Court's judgment because agents from the Drug Enforcement Agency ("DEA") had probable cause to seize the vehicle, and Adames has not alleged an unconstitutional violation of the DEA's inventory search policies.

Title 21, Section 881 of United States Code authorizes the seizure of any vehicles "which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" controlled substances. We have held that such a seizure does not violate the Fourth Amendment if agents "have probable cause to believe that the vehicle is subject to forfeiture." *United States v. Bush*, 647 F.2d 357, 368–70 (3d Cir. 1981). Here, the DEA had probable cause to believe that Adames' vehicle would be used to transport controlled substances. Agents arrested Adames after he and another individual picked up a substantial quantity of cocaine—30 kilograms—from a motel room. Adames' vehicle was the only vehicle parked in the section of the motel parking lot directly behind the room. Its keys were the only set of vehicle keys in Adames' or the other individuals' possession at the time of their arrest, and the motel was in an area not readily served by public transportation nor generally accessible without a car. Therefore, the DEA's seizure of Adames' vehicle is both statutorily and constitutionally permissible.

If a seizure is lawful, an ensuing inventory search is constitutional "provided that

2

the inventory is 'conducted according to standardized criteria or established routine.'" *United States v. Salmon*, 944 F.2d 1106, 1120 (3d Cir. 1991) (quoting *Colorado v. Bertine*, 479 U.S. 367, 374 n.6 (1987)). Here, DEA policies state that "[a] complete inventory shall be made of all property that is taken into custody by DEA for safekeeping, regardless of whether probable cause exists to search the property. . . . Inventory searches need not be made contemporaneous with the arrest of any person or at the time of seizure, but must be made as soon as practical after the property to be searched has been transported to a DEA or other law enforcement facility." (J.A. 90.) Adames argues that the DEA failed to follow standardized criteria or established routine because agents searched the vehicle in the motel parking lot, not after it had been moved to a DEA or other law enforcement facility.

At most, Adames has alleged a technical violation of the DEA's policies. We require adherence to standardized criteria or an established routine in order to "strike[] a balance between the government's legitimate interests in such searches and the owner's legitimate expectation of privacy in the content of the seized vehicle." *Salmon*, 944 F.2d at 1120. To strike this balance, our constitutional inquiry focuses on those aspects of the criteria or routine that "limit the officer's discretion regarding *whether* to search a seized vehicle" and "limit an officer's discretion regarding the *scope* of an inventory search . . . ." *Id*. Here, Adames has asserted a policy violation that does not concern whether the vehicle could be searched, nor the scope of that search. Therefore, the alleged violation was merely technical, and does not render the inventory search unconstitutional.

The DEA seized and searched Adames' vehicle in accordance with federal

3

statutory and constitutional law. Accordingly, the District Court properly denied

Adames' motion to suppress physical evidence, and we will affirm its judgment.